# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| SHERARD GATES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CAUSE NO. 3:08-CV-207 JVB |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Petitioner Sherard Gates, a prisoner confined at the Westville Correctional Facility, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 challenging his convictions for dealing in cocaine and for being a habitual traffic offender. The petitioner pled guilty to these offenses in the Elkhart Circuit Court and was given an aggregate thirty year sentence. (Petition at 1). He filed a petition for post-conviction relief, which the trial court denied on July 25, 2007. (Petition at 3). Gates did not appeal the denial of his petition for post-conviction relief to the Indiana Court of Appeals. (DE 8-3).

In his petition for writ of habeas corpus, Gates asserts that his trial counsel was ineffective, that the guilty plea was not knowingly and intelligently entered, and that there was an insufficient factual basis for the guilty plea. These are the claims Gates presented to the State trial court in his petition for post-conviction relief. The respondent argues that these claims are barred by procedural default because Gates did not exhaust his state court remedies. The petitioner has not filed a reply.

Section 2254(b)(1)(A) provides that an application for a writ of habeas corpus by a state prisoner may not be granted unless "the applicant has exhausted the remedies available in the

courts of the State." Failure to exhaust available state court remedies constitutes a procedural default. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). To avoid a procedural default, a petitioner must have presented his federal claims to the state's highest court before seeking federal review of those claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). The doctrine of procedural default precludes a federal court from reaching the merits of a habeas petition if (1) the claim was presented to the state courts, and the state court ruling rested on independent and adequate state procedural grounds, or (2) the petitioner did not fairly present his federal claim to the appropriate state courts, and those state courts would now hold the claim procedurally barred. *Perruquet v. State*, 390 F.3d 505, 514 (7th Cir. 2004).

Once a claim is procedurally defaulted, a federal court will not address the merits of that claim unless the petitioner can show both cause for the default and prejudice resulting from the failure to obtain review on the merits. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). To show cause and prejudice, the petitioner must demonstrate that an external impediment blocked the petitioner from asserting his claim in state court, and that the resulting errors worked to the petitioner's actual disadvantage, infecting the entire trial with errors of a constitutional dimension. *Lewis v. Stearns*, 390 F.3d 1019, 1026 (7th Cir. 2004), citing *United States v. Frady*, 456 U.S. 152, 170 (1982). "Absent such a showing, a defaulted claim is reviewable only if refusal to consider it would result in a 'fundamental miscarriage of justice,' that is, where 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999), quoting *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986).

Gates filed a petition for post-conviction relief, which contained the issues he seeks to present to this court, but he did not appeal the denial of the petition. Because he did not present

his claims to the Indiana Court of Appeals and the Indiana Supreme Court, Gates did not exhaust his state court remedies as to these claims, as required by 28 U.S.C. § 2254(b)(1)(A). *O'Sullivan*, 526 U.S. at 844–45 (1999). He has not shown cause for the default or prejudice resulting from the failure to present his claims that his trial counsel was ineffective, that the guilty plea was not knowingly and intelligently entered, and that there was an insufficient factual basis for the guilty plea to the Indiana Court of Appeals and Supreme Court; nor do his submissions suggest that there was a fundamental miscarriage of justice in his case. Accordingly, the court must deny this petition for writ of habeas corpus.

For the foregoing reasons, the court the court DENIES this petition pursuant to 28 U.S.C. § 2254(b)(1)(A).

SO ORDERED on November 4, 2008.

S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE